IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

TONY D. RILEY,
    Plaintiff,

v.                                                                      CIVIL ACTION NO. 3:16-CV-26
                                                                         (GROH)

C. WILLIAMS, Warden, FCI Gilmer;
MR. WEAVER, Medical Director, FCI Gilmer;
DR. ANDERSON, MD Doctor, FCI Gilmer;
MRS. GROVE, Assistant Medical Director,
FCI Gilmer; MRS. WILSON, PA3, FCI Gilmer;
MRS. HALL, Nurse, FCI Gilmer; MRS. POSEY;
MRS. PUTNAM,
    Defendants.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

The Plaintiff, acting *pro se*, initiated this civil action filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) on March 10, 2016. ECF No. 1[1]. Plaintiff claims he did not receive adequate medical care for his chronic pain, and that he was the subject of racial discrimination. ECF Nos. 1 at 6, 1-1 at 3, 7 - 16. In his complaint, Plaintiff asks the court to prevent similar treatment of other individuals but does not specify any monetary damages. ECF No. 1 at 8. On March 10, 2016, the Clerk's office issued a "Notice of General Guidelines for Appearing Pro Se in Federal Court." ECF No. 6. The Notice instructed Plaintiff to, "[k]eep the Court and opposing counsel, if any, advised of your most current address **at all times**. Failure to do so may result in your action being dismissed without prejudice." <u>Id.</u> (Emphasis in

---

[1] ECF numbers cited herein refer to case number 3:16-CV-26 unless otherwise noted.

original.)  A return receipt filed with the Court on March 16, 2016, documented that Plaintiff received the Notice of General Guidelines for Appearing Pro Se in Federal Court on March 14, 2016.  ECF No. 8.

On June 20, 2016, Petitioner paid the initial partial filing fee.  ECF No. 20.  On March 1, 2017, the Defendants were ordered to answer the complaint.  ECF No. 32.  On March 2, 2017, Plaintiff advised the Court in writing of his new address, but failed to use the court-approved form.  ECF No. 34.  On March 10, 2017, Plaintiff filed the Court-approved form for "Notice of Change of Address and/or Contact Information for Pro Se Litigants," advising the Court that his new address was 335 West Ostrander Ave, Syracuse New York 13205.  ECF No. 39.

On April 25, 2017, the Court granted the Defendants an extension of time to file an answer and establish a consolidated response.  ECF No. 49.  On June 1, 2017, the Court granted the Defendants another extension of time to file an answer.  ECF No. 52.  On July 5, 2017, the Court granted a third extension of time to answer.  ECF No. 54.  On August 1, 2017, Defendants, by counsel, filed a Motion to Dismiss for Failure to Prosecute.  ECF No. 56.  On August 9, 2017, Defendants filed their "Answer and Affirmative Defenses."  ECF No. 59.  On August 14, 2017, a Roseboro notice was issued to Plaintiff by certified mail.  ECF No. 60.  Although more than a month has elapsed following the issuance of the Roseboro notice, a return receipt has not yet been filed with the Clerk, nor has Petitioner filed any response following the issuance of the Roseboro notice.

However, after Plaintiff changed his address on Court-approved forms on March 10, 2017, at least five pieces of mail directed to that address, 335 West Ostrander Avenue, Syracuse, New York 13205, have been returned as undeliverable: (1) certified mail issued by the Clerk on June 1, 2017 [ECF No. 52] was returned to the Clerk on July 6, 2017, marked "return to sender unclaimed unable to forward" [ECF No. 55]; (2) certified mail issued by the Clerk on July 5, 2017 [ECF No. 54] was returned to the Clerk on August 7, 2017, marked "return to sender unclaimed unable to forward" [ECF No. 58]; (3) mail issued August 1, 2017 by Defendants' counsel was returned and filed with the Court on August 17, 2017, marked "return to sender attempted – not known unable to forward" [ECF No. 62-1]; (4) mail issued August 9, 2017 by Defendants' counsel was returned and filed with the Court on August 22, 2017, marked "return to sender attempted – not known unable to forward" [ECF No. 63-1]; and (5) certified mail issued by the Clerk on August 23, 2017 [ECF No. 64] was returned to the Clerk on September 5, 2017, marked "return to sender attempted – not known unable to forward" [ECF No. 65].

This case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 636, 1915A and Local Rule of Prisoner Litigation P 2.

## II. FACTUAL AND PROCEDURAL HISTORY

On June 21, 2012, Plaintiff entered a plea of guilty to being a convicted felon in possession of a firearm and ammunition in the Northern District of New York. N.D.NY. 5:12-CR-157 ECF No. 11. By order entered October 31, 2012, Plaintiff was sentenced

to 33 months of imprisonment, with three years of supervised release to follow his release from incarceration. N.D.NY. 5:12-CR-157 ECF Nos. 26, 32. On May 27, 2015, Plaintiff's supervision was revoked. N.D.NY. 5:12-CR-157 ECF No. 32. On October 5, 2015, Plaintiff admitted guilt to new criminal conduct, being "Failure to Report Change of Address Within 10 Days," for a violation which ended on May 26, 2015. N.D.NY. 5:12-CR-157 ECF No. 36. On October 6, 2015, Plaintiff was sentenced to an additional 24 months of incarceration. Id. at 2. Plaintiff was first incarcerated at Federal Correctional Institution ("FCI Gilmer") in Glenville, West Virginia, then transferred to FCI Hazelton in Bruceton Mills, West Virginia. ECF No. 1 at 2, 5.

Plaintiff filed his complaint on March 10, 2016. ECF No. 1. Plaintiff's complaint alleges that while he was incarcerated at FCI Gilmer, the warden, two staff members and five medical staff denied him adequate medical care for his chronic pain, and some of those same individuals' use of racial epithets discriminated against him. ECF No. 1. Plaintiff claims that he was denied sufficiently adequate medication to give him pain relief, and that he was directed to buy Tylenol from the prison commissary. Id. at 3. Plaintiff further appears to allege that staff falsified documents and refused to file appropriate complaints or grievances. Id. at 3, 5. On February 21, 2017, Petitioner was released from federal custody without further supervision.

On the same date Plaintiff filed this civil action he also filed a "Notice of Change of Address," consistent with the requirements of LR PL P 6. ECF No. 5. Plaintiff filed three other notices of change of address on March 22, 2016 [ECF No. 12], January 5, 2017 [ECF No. 24], and March 10, 2017 [ECF No. 39]. Plaintiff's final change of address Notice was filed after he first sent a letter to the clerk on March 2, 2017 [ECF No. 34], and was directed by letter from the Clerk's office that a change of address was

4

required to be filed on the court approved form, which was provided to him. [ECF No. 35]. Although he most recently updated his address in March 2017, all mail sent to Plaintiff from July 6, 2017 to the present has been returned as undeliverable.

On August 1, 2017, the Defendants filed a motion to dismiss for failure to prosecute. ECF No. 56. On August 8, 2017, the Defendants filed their "Answer and Affirmative Defenses." ECF No. 59.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe her pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S.

5

544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. *Thus, to* survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed

in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

IV.     ANALYSIS

Local Rule of Prisoner Litigation "LR PL" Part 6 provides that, "[a]ll *pro se* prisoner litigants are responsible for promptly informing the Court of any change in their addresses, for monitoring the progress of their cases, and for prosecuting or defending their actions diligently." The rule strictly instructs that, "**Failure to notify the Clerk of an address change will result in the dismissal of the prisoner's case."** LR PL P 6 (emphasis in original). The Rule also mandates that, "[n]otification of a prisoner's change of address must be accomplished by filing a Notice with the Clerk and serving that Notice upon all other parties within ten (10) days of the change of address." Id.

Plaintiff was aware of the requirements of LR PL P 6, having received the Notice of General Guidelines for Appearing Pro Se in Federal Court. ECF No. 8. The notice instructs litigants in part to, "[k]eep the Court and opposing counsel, if any, advised of your most current address **at all times**. Failure to do so may result in your action being dismissed without prejudice." Id. at 1 (emphasis in original). On four separate occasions, Plaintiff complied with the change of address requirements of LR PL P 6: (1) on March 10, 2016 [ECF No. 5]; (2) on March 22, 2016 [ECF No. 12]; (3) on January 5, 2017 [ECF No. 24]; and (4) on March 10, 2017 [ECF No. 39], Plaintiff filed court approved Notices to change his address. The final change of address occurred following Plaintiff's attempt to change his address by letter on March 2, 2017. On that same date the Clerk sent Plaintiff a letter [ECF No. 35] explaining the requirement to

7

use the court approved form Notice and a blank copy of the Notice form [ECF No. 35-1], which Plaintiff used for his final change of address [ECF No. 39] on March 10, 2017.

Beginning with mail sent to Plaintiff on July 6, 2017, five pieces of mail directed to Plaintiff's last known address as listed on the docket sheet have been returned as undeliverable. ECF Nos. 55, 58, 62-1, 63-1, 65. A sixth piece of mail, the Roseboro notice, has not yet been documented as being either received or returned, more than a month after it was issued, on August 14, 2017. More than two months have elapsed since the first of those pieces of mail was initially sent [ECF No. 55], and more than one month has elapsed since that piece of mail was returned as undeliverable. ECF No. 58. LR PL P 6 requires that changes of address must be accomplished by service of a Notice of change of address within ten days of that change. More than ten days have elapsed since Plaintiff has changed his last known address and during that time he has failed to update his change of address with the Court.

Accordingly, because Plaintiff has failed to comply with LR PL P 6 which requires him to notify the Clerk and opposing counsel of any change of address, this matter is appropriate for dismissal. Having determined the petition to be appropriate for dismissal for failure to prosecute, the undersigned has not considered the affirmative defenses raised by Defendants in their answer.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's civil rights action [ECF No. 1] be **DISMISSED without prejudice** and the respondent's Motion to Dismiss for Failure to Prosecute [ECF No. 56] be **GRANTED**.

Any party may, within fourteen (14) days after being served with a copy of this

Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED: September 19, 2017

/S/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE